UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | No. **15-8378MJ** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | August 26, 2015 |
| **Ahmed Mohammed El Gammal,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

BEFORE:   THE HONORABLE JOHN Z. BOYLE, MAGISTRATE JUDGE

TRANSCRIPT OF PROCEEDINGS

COUNSEL/IDENTITY/DETENTION/PRELIMINARY HEARING

**APPEARANCES:**
For the Plaintiff:
    U.S. Attorney's Office
    By:  **Ann B. Scheel**, Esq.
    40 North Central Avenue, Suite 1200
    Phoenix, Arizona 85004

For the Defendant:
    Mitchell Stein & Carey
    By:  **Michael T. Morrissey**, Esq.
    2 North Central Avenue, Suite 1900
    Phoenix, Arizona 85004

Transcriptionist:
Candy L. Potter
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

1    THE CLERK:  Magistrate docket 15-8378, United States
2 of America versus Ahmed Mohammed El Gammal, on for status
3 hearing regarding counsel, identity, detention, and preliminary
4 hearing.
5    MS. SCHEEL:  Good afternoon, Your Honor, Ann Scheel on
6 behalf of the United States.
7    THE COURT:  Good afternoon.
8    MR. MORRISSEY:  Good afternoon, Your Honor, Mike
9 Morrissey on behalf of Mr. El Gammal, who is present.
10    Perhaps we should take up the counsel issue first?
11    THE COURT:  Please.
12    Good afternoon, sir, Mr. El Gammal.
13    MS. ALVARADO:  And, Your Honor, Jeanette Alvarado.  I
14 was temporarily appointed.
15    THE COURT:  Yes.
16    MS. ALVARADO:  Yes.
17    THE COURT:  Good afternoon.  Thank you for coming.
18    I see the appearance of counsel form.
19    Mr. Morrissey, am I correct that your firm has been
20 hired to represent Mr. El Gammal?
21    MR. MORRISSEY:  Yes.
22    THE COURT:  All right.  With that, Miss Alvarado,
23 you're released.  Thank you very much.
24    MS. ALVARADO:  Thank you.
25    THE COURT:  All right.  We have the issue of -- we're

1  here for status hearing on identity, detention, and preliminary
2  hearing.  Mr. Morrissey, what's --
3             Well, let me ask the Government, is the Government
4  seeking detention in this matter?
5             MS. SCHEEL:  Yes, Your Honor.
6             THE COURT:  Okay.  With that, how do you wish to
7  proceed?
8             MR. MORRISSEY:  Your Honor, we'd like to schedule a
9  detention hearing and a preliminary hearing.
10            We will address identity by admitting that
11 Mr. El Gammal is the individual identified in the Complaint.
12            THE COURT:  All right.  So my understanding is that
13 we'll reset this for a preliminary and detention hearing on
14 August 28th at 1:30 back in this court.
15            Any objection by either party?
16            MS. SCHEEL:  That's Friday, Your Honor?
17            MR. MORRISSEY:  We're just trying to figure out if
18 that's Friday.  Is that Friday?
19            No objection.
20            MS. SCHEEL:  At what time?  I'm sorry.
21            THE COURT:  1:30.
22            MS. SCHEEL:  1:30?  That should be fine.
23            THE COURT:  All right.  So, sir, what we're doing is
24 we're establishing that your two hearings will be set for this
25 Friday at 1:30 back in this courtroom.

1           You also have the right to an identity hearing.  That
2   would require the Government to establish proof that you're the
3   individual named in the Complaint.  Your attorney's advised
4   you're willing to give up that identity hearing.
5           Do you understand that?
6           THE DEFENDANT:  Yes.
7           THE COURT:  Do you agree to give up your right to that
8   hearing?
9           THE DEFENDANT:  Yes, I do.
10          THE COURT:  All right.  The Court accepts your waiver
11  of your identity hearing.  We'll note for the record that your
12  identity is established for the purposes of the rule.
13          We have set your other two matters.
14          And with that is there anything else from either
15  counsel?
16          MS. SCHEEL:  No, Your Honor.
17          MR. MORRISSEY:  No, Your Honor.
18          THE COURT:  All right.  So, sir, what that means then
19  is you'll remain in custody, but we're resetting this --
20          MS. SCHEEL:  There was one.  Your Honor, this
21  Complaint was sealed initially.  I've been informed by the
22  Southern District of New York that an order was issued today
23  unsealing it.  So this matter is not sealed.
24          THE COURT:  All right.  Well, it's already unsealed?
25          MS. SCHEEL:  It is -- there has been an order

1   unsealing the matter.
2           THE COURT: Okay. So the matter is unsealed.
3           Let me advise both counsel as well that -- I need to
4   advise you of one more thing. This is for either party, the
5   Statute 3145 permits a review by the court of original
6   jurisdiction, that would be the court in New York, to hear any
7   appeal of any determination, either way. So this applies to
8   both.
9           Normally during the middle of the week this is easier
10  because you have some time, you have a few days to go forward
11  and petition that court. Normally any magistrate judge here or
12  district court judge here would -- if that court reviewed it
13  and was not the original court, would give you a stay of some
14  time.
15          So just be aware that if -- you should just keep that
16  in mind, because the stay's not going to be -- if one party
17  seeks to seek original jurisdiction review in the District of
18  New York, that -- any order out of this Court would be pretty
19  quick, which is to say I would not give either party a week. I
20  would give you a day or two. Because you already have advance
21  notice of what's going to happen here, and you can take that
22  into account.
23          Miss Scheel?
24          MS. SCHEEL: That's all right. I guess, in speaking
25  with the assistants in the Southern District of New York, it

1 would be their intention to appeal to the District Court in
2 New York, should this Court order the defendant's release.
3          So it's the Court's position that you might give them
4 until Monday or Tuesday -- a stay until Monday or Tuesday if
5 that is ordered on Friday?
6          THE COURT:  Yeah.  I would grant a stay.  And I would
7 grant a stay for the defense as well.
8          MS. SCHEEL:  Okay.
9          THE COURT:  So -- although it would be really less of
10 an issue.  But, yeah, I'm just giving you notice up front that
11 a party that came in and wanted a week, given the fact that
12 we've had all this time ahead, and you're remaining in custody
13 while this case proceeds, I give that very serious
14 consideration.
15          So, yes, you read the Court correctly.
16          MS. SCHEEL:  That's fine.  I will let them know there.
17          THE COURT:  All right.  Anything else?
18          Talk to your attorney first.
19          MR. MORRISSEY:  Your Honor, if we could have just a
20 moment for me to have Mr. El Gammal formally sign the waiver
21 before he's taken.
22          THE COURT:  That's fine.  And for our record, sir, how
23 do you wish us to pronounce your last name?
24          THE DEFENDANT:  El Gammal.
25          THE COURT:  El Gammal.  Thank you very much.

1         Yeah, we will wait.

2     (Discussion held off the record.)

3         MR. MORRISSEY:  Thank you, Your Honor.

4         THE COURT:  All right.  Thank you all.  This hearing

5   is adjourned.

7                         -oOo-

C E R T I F I C A T E

    I, CANDY L. POTTER, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

    DATED at Phoenix, Arizona, this 18th day of September, 2015.


                                s/Candy L. Potter__
                                Candy L. Potter